IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| DUANE EDWARDS MORRIS, | : |
| Plaintiff, | : |
| v. | : Case No. 4:25-cv-84-CDL-AGH |
| DAVID SHANK, *et al.*, | : |
| Defendants. | : |

## ORDER AND RECOMMENDATION

Before the Court is Plaintiff's motion for judgment on the pleadings (ECF No. 10) and Defendants' partial motion to dismiss (ECF No. 16). For the reasons stated below, the Court recommends that Plaintiff's motion be denied and that Defendants' motion be denied as moot.

## BACKGROUND

The Court received Plaintiff's original complaint (ECF No. 1) on March 12, 2025. Therein, Plaintiff asserted malicious prosecution claims against Defendants under 28 U.S.C. § 1983, along with various state law claims. Compl. 8-9, ECF No. 1. After preliminary review, the Court allowed Plaintiff's federal malicious prosecution claims to proceed for further factual development. Order 1, 12, June 12, 2025, ECF No. 6. In its screening order, the Court recognized Plaintiff's state law claims but observed that if his federal claims were eventually dismissed, the Court would likely decline to exercise supplemental jurisdiction over the state law claims. *Id.* at 12 n.2. The Court also ordered that service be made on Defendants. *Id.* at 12.

On June 16, 2025, the Clerk mailed waivers of service forms to Defendants, which notified Defendants that if they waived service, they would have sixty days from June 16, 2025, to file an answer or Rule 12 motion to dismiss (ECF Nos. 8, 9). On July 28, 2025, Plaintiff filed a motion for judgment on the pleadings, wherein he requested that the Clerk "make an entry of default." Pl.'s Mot. J. Pleadings, ECF No. 10. Defendants filed the signed waivers of service (ECF Nos. 13, 14) on July 29, 2025.

On August 15, 2025, Defendants filed a partial motion to dismiss, requesting that the Court dismiss Plaintiff's state law claims. Defs.' Partial Mot. to Dismiss 1, ECF No. 16. In response, Plaintiff filed an amended complaint (ECF No. 21), which the Court received on September 8, 2025.

I. **Plaintiff's Motion for Judgment on the Pleadings**

Under Rule 12 of the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings "after the pleadings are closed." Fed. R. Civ. P. 12(c). However, at the time Plaintiff filed his motion, Defendants had not filed responsive pleadings. Moreover, it appears that Plaintiff's motion is actually either a request that the Clerk enter default or that he be given default judgment. The basis of his motion is his belief that waivers of service were not sent and that Defendants were late in filing an answer or responsive pleading. *See generally* Pl.'s Mot. J. Pleadings. However, the Clerk mailed waivers of service on June 16, 2025 (ECF Nos. 8, 9), and Defendants filed signed waivers (ECF Nos. 13, 14) on July 29, 2025. The waiver forms gave Defendants sixty days from June 16, 2025—or until August 15, 2025—to

file an answer or motion under Rule 12. Defendants timely filed their partial motion to dismiss under Rule 12(b) on August 15, 2025.[1] Defs.' Partial Mot. Dismiss 1. Therefore, the Court recommends that Plaintiff's motion for judgment on the pleadings (ECF No. 10) be **DENIED**.

## II. Defendants' Partial Motion to Dismiss

Defendants filed a motion to dismiss the state law claims raised in Plaintiff's original complaint based on state sovereign immunity. Defs.' Partial Mot. Dismiss 1. In response, Plaintiff filed an amended complaint (ECF No. 21).[2] "An amended complaint supersedes an original complaint." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999). Because Plaintiff's amended complaint is now the operative pleading, Defendants' motion to dismiss—which is directed at Plaintiff's original complaint—has been rendered moot. *See Jamison v. Long*, No. 5:19-cv-457-TES, 2021 WL 2936132, at *4 (M.D. Ga. July 13, 2021) (rejecting recommendation and terminating as moot motion to dismiss for failure to exhaust following plaintiff's filing of amended complaint); *Clayton v. Floyd*, No. 5:21-cv-335-MTT-MSH, 2022 WL 20717416, at *2-3 (M.D. Ga. Aug. 24, 2022) (recommending that motion to dismiss be terminated as moot upon filing of amended complaint (citing *Jamison*, 2021 WL 2936132, at *4)), *recommendation adopted by* 2022 WL 20717382 (M.D. Ga. Oct. 17, 2022); *Erler v. Hasbro, Inc.*, No. 1:19-CV-02658-

---

[1] "A defendant may file a motion to dismiss and await its disposition before filing an answer. Even the filing of a partial motion to dismiss extends the defendant's time to answer the entire complaint." *Bertaut v. Parish of Jefferson*, No. Civ. A. 02-2104, 2002 WL 31528468, at *1 (E.D. La. Nov. 8, 2002) (citations omitted).

[2] Because Plaintiff had not previously amended his complaint, he was entitled to amend as a matter of course. Fed. R. Civ. P. Rule 15(a)(1)(B).

AT, 2020 WL 10110985, at *1 (N.D. Ga. Jan. 30, 2020) ("[T]he amended complaint renders moot the motion to dismiss the original complaint because that motion seeks to dismiss a pleading that has been superseded."). Therefore, the Court recommends that Defendants' partial motion to dismiss (ECF No. 16) be **DENIED AS MOOT**.[3]

## CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff's motion for judgment on the pleadings (ECF No. 10) be **DENIED** and that Defendants' partial motion to dismiss (ECF No. 16) be **DENIED AS MOOT**.[4]

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within **FOURTEEN (14) DAYS** after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28

---

[3] Defendants did not move to dismiss Plaintiff's amended complaint, and Plaintiff's amended complaint appears to omit any state law claims and allege solely federal malicious prosecution claims. Am. Compl. 3, ECF No. 21.

[4] The Court previously stayed discovery (ECF No. 19) pending resolution of Defendants' partial motion to dismiss. In light of this recommendation, the Court orders that the stay be lifted and discovery commence as of this date. The parties shall have ninety (90) days to complete discovery and one-hundred and twenty (120) days to file dispositive motions.

4

U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.   In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

      **SO ORDERED** and **RECOMMENDED**, this 29th day of September, 2025.

                                      s/ *Amelia G. Helmick*
                                      UNITED STATES MAGISTRATE JUDGE