IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| DUANE EDWARDS MORRIS, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:25-CV-84 (CDL) |
| DAVID SHANK, *et al.*, | * | |
| Defendants. | * | |

O R D E R

The Court previously granted Defendants' summary judgment motion and denied Plaintiff's summary judgment motion by adopting the Magistrate's Report and Recommendation. *See* R&R (Aug. 25, 2026), ECF No. 61; Order (Sep. 28, 2026), ECF No. 66. Judgment was entered.[1] Plaintiff filed a motion for reconsideration and a motion to alter the judgment. Because final judgment has been entered, both of Plaintiff's motions are properly characterized as motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) (per curiam) (construing a post-judgment motion for reconsideration as a Rule 59 motion to alter or amend the judgment). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or

[1] The Court did not receive Plaintiff's objection to the Magistrate's Report and Recommendation until after the extended deadline and after judgment was entered.

manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (alteration in original) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). Importantly, such motions cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).

Here, Plaintiff did not point to any newly-discovered evidence or manifest errors of law or fact. Plaintiff's malicious prosecution claim was based on the incarceration that resulted from his decision to sign two consent orders admitting that he violated the terms of his probation. Plaintiff did not point to any evidence that there was ever a finding that the consent probation revocation orders were void or ineffective. Accordingly, based on the present record, it was not error to conclude that the malicious prosecution claim failed because Plaintiff did not present evidence to establish the favorable termination element. Accordingly, the Court denies Plaintiff's motion to alter judgment (ECF Nos. 69 & 70).

IT IS SO ORDERED, this 5th day of November, 2026.

S/Clay D. Land

CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA